FILED
United States Court of Appeals
Tenth Circuit

September 14, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

In re:  AUSTIN FOX JENNINGS,

    Debtor.

-----------------------------

AUSTIN FOX JENNINGS,

    Appellant,

v.

RANDY L. ROYAL,

    Appellee.

No. 17-8095
(BAP No. 17-002-WY)
(Bankruptcy Appellate Panel)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **KELLY**, and **O'BRIEN**, Circuit Judges.
_____

This is an appeal from a decision of the Tenth Circuit Bankruptcy Appellate

Panel (BAP) that affirmed the bankruptcy court's order that the Debtor, Austin Fox

Jennings, is entitled to claim an exemption in his entireties interest in real property

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

located in Wyoming, but only to the extent that his joint entities interest exceeds the joint indebtedness of Jennings and his non-filing spouse. Exercising jurisdiction under 28 U.S.C. § 158(d)(1), we affirm.

### *The Bankruptcy Court Proceedings*

In December 2010, Jennings filed his voluntary Chapter 7 bankruptcy petition. Included in his schedule of assets was residential real property in Casper, Wyoming, that was owned by him and his non-filing spouse as tenants by the entireties. Jennings valued his entireties interest at $152,411.50—one-half of the $304,823 estimated value of the property—subject to a secured claim for $132,858. On his schedule of liabilities, he listed two categories of joint debts owed by him and his spouse: $116,629 owed to the Internal Revenue Service (IRS) and approximately $13,750 owed on credit cards.

Jennings claimed that his entireties interest in the Wyoming real property was 100% exempt under 11 U.S.C. § 522(b)(3)(B), which provides that a debtor can claim as exempt "any interest in property in which [he] had . . . an interest as a tenant by the entirety . . . to the extent that such interest as a tenant by the entirety . . . is exempt from process under applicable nonbankruptcy law." Under Wyoming law, "[e]ntireties property is not exempt from process . . . from claims against both spouses." *In re Wenande*, 107 B.R. 770, 774 (Bankr. D. Wyo. 1989). "Thus, once the entireties property is in the estate, the extent to which it may be exempted pursuant to . . . § 522[(b)(3)(B)] . . . depends on the presence or absence of joint creditors." *Id.*

2

Randy L. Royal, the bankruptcy trustee (Trustee), objected to Jennings's 100% claimed exemption. In response to the Trustee's objection, Jennings amended his schedule of liabilities to reflect that the debt owed to the IRS was not a joint debt—but his only. To further this claim, Jennings's spouse requested relief from the debt owed to the IRS under the theory that she was an "innocent spouse."[1] The Trustee consented to the spouse seeking such a determination from the IRS because it would resolve whether the debt was a joint obligation, which in turn was critical to the resolution of Jennings's entireties exemption.

The parties filed status reports with the bankruptcy court during the pendency of the IRS proceedings. In November 2013, the IRS denied innocent spouse relief, and Jennings's spouse filed an appeal in the United States Tax Court (Tax Court). While the tax appeal was pending, Jennings asked the bankruptcy court to resolve the legal merits of the Trustee's objection. In particular, Jennings argued that the bankruptcy court could resolve the Trustee's objection if it "look[ed] merely to *In re Schlossberg*, 380 F.3d 174 (4th Cir. 2004), which appears to address all of the issues that are the subject of the Trustee's exemption objection." Aplt. App. at 64.

The bankruptcy court held in a February 2015 order that *Schlossberg* was inapposite. It further held the spouse's tax appeal had to be resolved before the court could enter a final judgment on the Trustee's objection.

---

[1] The "innocent spouse" doctrine provides relief from a debt to the IRS for a spouse who "did not know, and had no reason to know, that there was [an] understatement" of tax liability on a joint income tax return. 26 U.S.C. § 6015(b)(1)(C).

Jennings next filed a motion for further findings and/or to alter or amend the February 2015 order, in which he repeated his arguments about *Schlossberg*. In a June 2015 order, the bankruptcy court reaffirmed its holding that *Schlossberg* and a similar line of cases were inapposite. The court also reiterated that the tax court appeal had to be resolved before ruling on the Trustee's objection:

> The court, in considering the Debtor's claimed exemption of tenancy by entireties on the real property and the Trustee's objection, finds Wyoming law allows a debtor to exempt property held as tenants by entireties. The allowable exemption provides the debtor an exemption in the real property, *to the extent that the equity exceeds the total amount of debts owed jointly by Debtor and his non-filing spouse*. In this case, the Debtor is allowed this claimed exemption. However, the amount of the Debtor's exemption cannot be determined until the appeal pending in the Tax Court is entered.

Aplt. App. at 105.[2]

In November 2015, the Tax Court entered a decision that approved an agreement between Jennings's spouse and the IRS that she was jointly liable with Jennings for $114,068.30 of the debt. In January 2016, the Trustee and bankruptcy court learned that the tax appeal had been resolved when Jennings attached a copy of the decision to his status report.

Eventually, Jennings and the Trustee submitted a stipulation to the bankruptcy court in which they agreed that the entireties exemption was resolved by the June 2015 order. On January 12, 2017, the court approved the parties' stipulation and found that the "issue of the debtor's claim of exemption in his real property was

---

[2] The BAP dismissed Jennings's appeal of the June 2015 order as a non-appealable interlocutory order.

resolved by this Court on June 5, 2015 by [the June 2015 Order]." *Id.* at 122.

Jennings appealed the June 5, 2015, order to the BAP. While the BAP appeal was pending, the Trustee filed an adversary proceeding seeking an order to sell the real property under 11 U.S.C. § 363(h), to determine the extent of joint debts against Jennings and his non-filing spouse, and to distribute the proceeds.

### *The BAP Appeal*

The BAP affirmed the June 2015 bankruptcy order. First, the BAP held that *Schlossberg* was inapposite. The BAP explained that *Schlossberg* concerned whether "the Chapter 7 trustee [could] invoke [11 U.S.C.] § 544(a)(2) hypothetical creditor status to step into the shoes of the IRS in an effort to reach [tenancy-by-the-entireties] property debtor owned with her non-filing spouse and thwart the debtor's exemption claim under [state] law." Aplt. App. at 156. The BAP noted that the "Fourth Circuit rejected the trustees's attempt to invoke § 544(a)(2), stating that the dispositive issue was 'whether § 544(a)(2) vests a trustee with the rights and powers of the IRS as a hypothetical creditor to penetrate the entireties exemption for the benefit of the *individual creditors* of the debtor.'" *Id.* (emphasis added), quoting *Schlossberg*, 380 F.3d at 177. In this case, "the debt in question is a joint liability to the IRS; in *Schlossberg* it was the debtor's individual debt." Aplt. App. at 156.

The BAP also rejected Jennings's argument because unlike the trustee in *Schlossberg,* the Jennings Trustee was not stepping into the shoes of the IRS to collect the debt of an individual creditor: "*Schlossberg* is also irrelevant here because the Trustee did not invoke 'strong arm' powers under § 544(a)(2). Instead,

5

[the Trustee] claimed that the joint debts, including the tax debt[] of Jennings and his non-filing spouse[,] reduced the extent of the entireties exemption, relying on *In re Wenande*." *Id.* at 157.

As a final matter, the BAP rejected Jennings's arguments about the proposed sale of the real property under § 363(h)—the same arguments he raised in the then-pending adversary hearing—and the distribution of proceeds from the sale under 11 U.S.C. § 726(a) as irrelevant and premature. As to § 363(h), the BAP held that "[t]he bankruptcy court may determine whether the Casper property can be feasibly partitioned in kind or whether it must be sold and the proceeds divided between the estate and the non-debtor spouse," and concluded that "proceeding is not relevant to the exemption issues presented in this appeal; nor is [the adversary proceeding] complete." *Id.* at 158. The BAP also concluded that Jennings's arguments about § 726(a) were premature: "Finally, Jennings claims that the appealed order somehow violates the distribution priorities established by § 726(a). Jennings appears to conflate allowing the exemption with implementing the distribution scheme under the Bankruptcy Code. This issue is also premature because it does not appear that any distribution has occurred." *Id.* (footnote and citation omitted).

### *Standard of Review*

Although this is an appeal from the BAP, "we review only the Bankruptcy Court's decision." *Mathai v. Warren (In re Warren)*, 512 F.3d 1241, 1248 (10th Cir. 2008) (internal quotation marks omitted). This does not mean that we ignore the BAP's decision, "[r]ather, we . . . treat the BAP as a subordinate appellate tribunal

6

whose rulings are not entitled to any deference (although they certainly may be persuasive)." *Id.* "In reviewing a bankruptcy court decision under 28 U.S.C. § 158(a) and (d), [this court] appl[ies] the same standards of review that govern appellate review in other cases." *Troff v. Utah (In re Troff)*, 488 F.3d 1237, 1238-39 (10th Cir. 2007) (internal quotation marks omitted). Here, because "there are no factual disputes and the issues on appeal pertain to the proper application of bankruptcy statutes and interpretation of case law," our review is de novo. *Zubrod v. Duncan (In re Duncan)*, 329 F.3d 1195, 1198 (10th Cir. 2003) (internal quotation marks omitted).

*Analysis*

Although we are not required to defer to the BAP's decision, we find it persuasive in all respects—the BAP recognized the relevant issues and properly applied the bankruptcy statutes and case law. Moreover, we agree with the Trustee that Jennings has mischaracterized the issues and tries to raise a new issue for the first time on appeal.

Throughout his briefing, Jennings persists in recasting the issue as whether the Trustee can lawfully proceed as a representative of the IRS. *The Trustee is not acting on behalf of the IRS*. The bankruptcy court and the BAP explained this repeatedly.

We also agree with the Trustee that Jennings's "remaining arguments are designed to create appellate issues that simply do not exist." Aplee. Br. at 27. As the BAP explained, his challenge to the Trustee's anticipated distribution of the assets of the bankruptcy estate under § 726(a) is premature. And setting aside the fact that

7

Jennings did not present any argument in the bankruptcy court about the adversary proceeding commenced by the Trustee, we agree with the BAP that the "proceeding is not relevant to the exemption issue [] in this appeal."  Aplt. App. at 158.

Last, Jennings tries to argue for the first time on appeal that only a judgment creditor has standing to object to a tenants-by-the-entireties exemption.  We will not consider the argument because Jennings "did not raise this . . . argument below, and he has not attempted to articulate a reason for us to depart from the general rule a federal appellate court does not consider an issue not passed upon below."  *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (internal quotation marks omitted).

The judgment of the bankruptcy court is affirmed.

Entered for the Court


Allison H. Eid
Circuit Judge